IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| GILBERTO SOLIS, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Civil Action |
| | ) No. 12-3329-CV-S-DGK |
| JUAN CASTILLO, Warden, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges his conviction. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because this Court lacks jurisdiction of petitioner's claims, it will be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner alleges that his constitutional rights were violated in his criminal case because he was not given notice that he could waive his administrative deportation hearing and receive a reduced sentence. He indicates that he has previously filed a motion pursuant to 28 U.S.C. § 2255 in the Eastern District of Texas alleging ineffective assistance regarding the same conviction.

The law is clear that a petitioner who seeks to attack the validity of a federal sentence must do so in the sentencing court pursuant to 28 U.S.C. § 2255 unless it appears that the motion is inadequate or ineffective to test the validity of the detention. E.g., Winston v. Mustain, 562 F.2d 565, 566 (8th Cir. 1977). A petitioner has the burden, moreover, of showing that the "inadequate or ineffective" test has been met. Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per

curiam).

Regardless of petitioner's assertions in this case, the action is improperly filed under the provisions of 28 U.S.C. § 2241. Petitioner has failed to establish that 28 U.S.C. § 2255 is inadequate or ineffective to test the validity of his conviction. The issues he raises are cognizable, if at all, in the sentencing court, the Eastern District of Texas, and it is clear that this Court lacks jurisdiction of petitioner's claims. Accordingly, it must be recommended that the petition be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis and that the petition herein for writ of habeas corpus be dismissed without prejudice.[1]

/s/ James C. England
JAMES C. ENGLAND
United States Magistrate
Judge

Date: 8/15/12

---

[1] Petitioner has 14 days to file exceptions to the Report and Recommendation of the United States Magistrate Judge.